UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC R WARD,<br><br>        Plaintiff,<br><br>    v.<br><br>JIM COOPER, et al.,<br><br>        Defendants. | Case No. 23-cv-06167-JSC<br><br>**ORDER RE: DEFENDANT COOPER'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

Plaintiff Ward, who represents himself, sues Sacramento County Sheriff Jim Cooper in his official capacity for serving a court-ordered writ of garnishment. (Dkt. No. 5 at 4-5.)[1] Before the Court is Defendant Cooper's motion to dismiss. (Dkt. No. 11.) Having carefully considered the briefing and with the benefit of oral argument on February 15, 2024, the Court GRANTS Defendant Cooper's motion to dismiss. Plaintiff Ward's § 1983 claim against Defendant Cooper in his official capacity is barred by the Eleventh Amendment and fails to state a claim for relief.

## BACKGROUND

Plaintiff Ward is employed by Wells Fargo. (Dkt. No. 5 at 5.) The Sacramento County Sheriff's Office's Civil Bureau, which operates under the authority of Sheriff Jim Cooper, served a writ of garnishment on Wells Fargo in April 2023 ordering Wells Fargo to withhold money from Plaintiff Ward's paycheck. (*Id*. at 3-5.) The writ of garnishment was based on a wage garnishment order issued by a Contra Costa County superior court in relation to unpaid taxes. (*Id*. at 4-5.) The ongoing withholding began in May 2023. (*Id*. at 5.)

Plaintiff Ward brings a 42 U.S.C. § 1983 suit against Defendant Cooper for violating his

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

federal rights by executing the superior court's wage garnishment order. (*Id.* at 3.) Defendant Cooper moves to dismiss Plaintiff Ward's claims against him on the grounds the Eleventh Amendment immunizes him from suit, the complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), and the Court lacks subject-matter jurisdiction to provide the requested relief under the Federal Tax Injunction Act. (Dkt. No. 11.) The Eleventh Amendment requires dismissal of the claims against Defendant Cooper. *See Coal. To Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133 (9th Cir. 2012) (federal courts must resolve an Eleventh Amendment immunity claim before reaching the merits). And to the extent it does not, no claim has been stated.

## DISCUSSION

Plaintiff Ward sues Defendant Cooper solely in his official capacity. "An official capacity suit against a municipal officer is equivalent to a suit against the entity." *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008); *Butler v. Elle*, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002) ("Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded."). To state a claim under § 1983 against a municipal entity, a plaintiff must allege the violation was committed by a "person" acting under color of state law. *Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002). "A municipality or other local government entity is deemed such a 'person' and may be sued for constitutional torts committed by its officials according to an official policy, practice, or custom." *Id.* But states and state officials sued in their official capacity are not "persons" within the meaning of § 1983 "due to the sovereign immunity generally afforded [to] states by the Eleventh Amendment." *Id.* So, whether Plaintiff Ward can maintain a § 1983 claim against Defendant Cooper depends on whether Defendant Cooper was a state or county actor in executing the superior court's wage garnishment order.

### A. Sheriff as State or County Actor

Federal courts conduct a case-by-case analysis considering state law and a sheriff's alleged actions to classify a sheriff as a state or county actor. *McMillian v. Monroe Cnty., Ala.*, 520 U.S.

2

781, 785-86 (1997).  While the Court "must conduct an independent examination of California's Constitution, codes, and caselaw with respect to each particular area or each particular issue," Ninth Circuit caselaw provides a starting point for the *McMillian* analysis.  *Cortez*, 294 F.3d 1186, 1189 (cleaned up).

In California, a sheriff serves as a county actor when administering county jails.  *Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 561-65 (9th Cir. 2001); *Cortez*, 294 F.3d 1186, 1189 (ruling a sheriff is a county actor when administering the county jail).  A sheriff is also a county actor when investigating a crime.  *Brewster v. Shasta Cnty.*, 275 F.3d 803, 807 (9th Cir. 2001).  In contrast, sheriffs are state actors when performing law enforcement functions tasked under state law, such as executing a facially-valid warrant.  *Streit*, 236 F.3d at 564; *see* Cal. Gov't Code § 12560.  Sheriffs likewise act as state agents in setting bail, *Buffin v. California*, 23 F.4th 951, 962-64 (9th Cir. 2022), and detaining arrestees pursuant to a court order.  *Munoz v. Kolender*, 208 F. Supp. 2d 1125, 1152 (S.D. Cal. 2002).

Plaintiff Ward alleges Defendant Cooper executed a wage garnishment order issued by a Contra Costa County superior court by serving Wells Fargo with a writ of garnishment.  (Dkt. No. 5 at 3-5.)  Though the California constitution designates sheriffs as county officers, Cal. Const. art. XI, § 1(b), sheriffs serve "all writs, notices, or other process issued by superior courts in civil actions" pursuant to California state law.  Cal. Gov't Code § 26665.  So, the state is the relevant actor when a sheriff serves a writ pursuant to a superior court order.  *Buffin*, 23 F.4th 951, 962.

\* \* \*

Accordingly, Defendant Cooper is properly classified as a state actor for the purposes of Plaintiff Ward's § 1983 claim because he acted in his state law enforcement capacity when serving Wells Fargo with the court-ordered writ of garnishment.

### B. Eleventh Amendment Immunity

Based on his status as a state actor, Defendant Cooper claims Eleventh Amendment immunity from Plaintiff Ward's official-capacity suit for damages.  Though Plaintiff Ward seeks injunctive relief to stop his wages from being garnished, his only specific allegations as to Defendant Cooper concern service of the court-ordered writ of garnishment, for which Plaintiff

Ward seeks punitive damages in the amount of $30,000.  (Dkt. No. 5 at 3-7.)

A plaintiff's "suit against state officials in their official capacities" is treated "as a suit against the state of California." *Holley v. California Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010).  The Eleventh Amendment bars suits against states and state agencies in federal courts when the state has not waived its immunity.  *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996).  California has not waived its immunity from § 1983 suits.  *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999).  "[A] suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984).  However, "a suit challenging the constitutionality of a state official's action is not one against the State."  *Id*.  The Eleventh Amendment does not "bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law."  *Coal. to Defend Affirmative Action*, 674 F.3d at 1134; *see also Cardenas v. Anzai*, 311 F.3d 929, 934-35 (9th Cir. 2002) ("Under the *Ex parte Young* doctrine, a plaintiff may maintain a suit for prospective relief against a state official in his official capacity, when that suit seeks to correct an ongoing violation of the Constitution or federal law.").

So, to the extent Plaintiff Ward seeks damages, his claim is barred by the Eleventh Amendment because "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002).  The next question is whether Plaintiff Ward has plausibly stated a claim for injunctive relief.

**C. Failure to State a Claim**

Plaintiff insists he is not seeking damages, but instead asks only for prospective declaratory or injunctive relief against Defendant Cooper in his official capacity; so, the Eleventh Amendment does not bar his claim.  Defendant Cooper seeks dismissal of Plaintiff Ward's § 1983 prospective relief claim against him for failure to state a claim under Rule 12(b)(6).

Dismissal under Rule 12(b)(6) "may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (cleaned up).  For Plaintiff Ward's

1  challenged § 1983 claim to survive, the complaint's factual allegations must raise a plausible right
2  to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Though the Court must accept
3  the complaint's factual allegations as true, conclusory assertions are insufficient to state a claim.
4  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads
5  enough factual content to justify the reasonable inference the defendant is liable for the
6  misconduct alleged. *Id.* Because Plaintiff Ward is unrepresented by an attorney, his complaint is
7  held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551
8  U.S. 89, 94 (2007).

Plaintiff Ward's Amended Complaint, Opposition, and "Notice of Constitutional Challenges to Statutes," (Dkt. Nos. 5, 18, 19), explain his § 1983 claim against Defendant Cooper challenges the constitutionality of California statutes § 706.050 and § 17041 under the Contract Clause, Article I, § 10 of the United States Constitution. The Contract Clause provides:

> No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

U.S. Const. art. I, § 10, cl. 1. California Code of Civil Procedure § 706.050 provides the "maximum amount of disposable earnings of an individual judgment debtor subject to levy." California Revenue and Taxation Code § 17041 sets forth California tax rates. Ward asserts these statutes, which led to the garnishment of his wages, are unconstitutional because "wages are NOT denominated or paid in gold or silver Coin." (Dkt. No. 18 at 2.) As he explained at oral argument:

> [T]he states, according to Article I, Section 10, clause 1, are forbidden from making anything but gold and silver coin a tender in payment of debt. So my argument against the state officials is that they're making—that they're garnishing my wages which is paid in Federal Reserve Notes or claims for Federal Reserve Notes tender in payment of debt, which is unconstitutional.

(Dkt. No. 30 at 3.) In other words, the Contract Clause of the United States Constitution prohibits the states from making anything but gold and silver coin a tender in payment of debts.

Plaintiff fails to allege a plausible claim against Defendant Cooper. First, Sheriff Cooper

1  is not a proper defendant to challenge a state statute because he has no stake in upholding the
2  statute against constitutional challenge. *See, e.g.*, *Grant v. Johnson*, 15 F.3d 146, 148 (9th Cir.
3  1994) (ruling state court judge was not a proper party defendant for the plaintiff's § 1983
4  constitutional attack of a state statute because state court judge had no stake in upholding the
5  statute). Ward merely alleges the Sacramento County Sheriff's Office's Civil Bureau, under the
6  authority of Defendant Cooper, served a writ of garnishment on Wells Fargo in April 2023
7  ordering Wells Fargo to withhold money from Plaintiff Ward's paycheck pursuant to a superior
8  court's wage garnishment order. (Dkt. No. 5 at 3-5.) There is no declaratory or injunctive relief to
9  be entered against Defendant Cooper.

Second, Plaintiff's theory of unconstitutionality is not supported by the law. *See, e.g.*, *Frances Kenny Fam. Tr. v. World Sav. Bank FSB*, No. C 04-03724 WHA, 2005 WL 106792, at *5 (N.D. Cal. Jan. 19, 2005) ("[P]laintiffs' 'vapor money' theory has no basis in law. It has been squarely addressed and rejected by various courts throughout the country for over twenty years."); *Miner v. JPMorgan Chase Bank*, No. 5:12-cv-02622, 2013 WL 1089909, at *3 (N.D. Cal. Mar. 15, 2013) ("Like many others, this court similarly finds that any claims based on the "vapor money" or "illusory loan" theory have no basis in law."); *Jiramoree v. HomEq Servicing*, No. 08-cv-07511, 2009 WL 605817, at *1 (C.D. Cal. Mar. 9, 2009) ("This 'vapor money' theory, that no enforceable debt accrues to a lender that funds loans through checks or wire transfers rather than through cash, has been repeatedly rejected by courts across the country."); *DeLaRosa v. Agents for Int'l Monetary Fund*, No. Civ-s-95-1170-DFL-GGH, 1995 WL 769345, at *3 (E.D. Cal. Oct. 16, 1995) ("While Article I, section 10, clause 1 prohibits the States from making anything but gold and silver coin a tender in payment of debts, no intention can be inferred from this to deny Congress this power. The United States Congress has the power to make anything it wishes legal tender." (cleaned up)). Indeed,

> [T]he sole evil at which the Contract Clause was directed was the theretofore rampant state legislative interference with the ability of creditors to obtain the payment or security provided for by contract. The Framers regarded the Contract Clause as simply an adjunct to the currency provisions of Art. I, § 10, which operated primarily to bar legislation depriving creditors of the payment of the full value of their loans. The Clause was thus intended by the Framers to be applicable

6

> only to laws which altered the obligations of contracts by effectively relieving one party of the obligation to perform a contract duty.

*Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 257 (1978) (Brennan, J., dissenting).

So, for both of these reasons, the complaint fails to plausibly allege Defendant Cooper violated Plaintiff Ward's federal rights.

\* \* \*

Plaintiff Ward fails to state a claim for deprivation of federal rights against Defendant Cooper because the complaint fails to plausibly allege Defendant Cooper violated any of Plaintiff Ward's federal rights by executing a court-ordered writ of garnishment. Because Plaintiff Ward fails to state a claim for deprivation of his federal rights by Defendant Cooper in his official capacity, Plaintiff's Ward's § 1983 claim against Defendant Cooper in his official capacity is DISMISSED as barred by the Eleventh Amendment and for failure to state a claim.

### D. Leave to Amend Would Be Futile

After Defendant Cooper filed his reply, Plaintiff moved for leave to file a second amended complaint and for a temporary restraining order. (Dkt. No. 22.) None of Plaintiff Ward's points of clarification support a plausible claim against Defendant Cooper, so the First Amended Complaint claims against Defendant Cooper are DISMISSED without leave to amend. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) ("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

//
//
//
//
//
//
//
//
//

**CONCLUSION**

For the reasons explained above, Mr. Ward's damage claim is barred by the Eleventh Amendment. To the extent his claim for declaratory and injunctive relief is not also barred by the Eleventh Amendment, it fails to plausibly allege a claim against Defendant Cooper in his official capacity for violation of the United States Constitution. So, Defendant's Cooper's motion to dismiss is GRANTED. And because leave to amend would be futile, the dismissal is without leave to amend. *Yagman*, 852 F.3d at 863.

This Order disposes of Docket Nos. 11 and 22.

**IT IS SO ORDERED.**

Dated: February 27, 2024

JACQUELINE SCOTT CORLEY
United States District Judge