UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC R WARD,<br>　　　　　Plaintiff,<br>　　v.<br>SELVI STANISLAUS, et al.,<br>　　　　　Defendants. | Case No. 23-cv-06167-JSC<br><br>**ORDER RE: DEFENDANT YELLEN'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 31, 33 |

Plaintiff Marc Ward, who represents himself, sues United States Secretary of the Treasury Janet Yellen in her official capacity for printing currency and authorizing the Internal Revenue Service to collect income taxes in United States dollars. (Dkt. No. 5 at 4-6.)[1] Before the Court is Defendant Yellen's motion to dismiss. (Dkt. No. 31.) Having carefully considered the briefing, and with the benefit of oral argument on April 4, 2024, the Court GRANTS Defendant Yellen's motion to dismiss. Because the United States has not waived its sovereign immunity for constitutional claims, this Court lacks subject matter jurisdiction over Plaintiff's suit against Defendant Yellen. And as leave to amend to allege a claim under the Fair Credit Reporting Act would be futile, the dismissal is without leave to amend.

**BACKGROUND**

Plaintiff Ward is employed by Wells Fargo. (Dkt. No. 5 at 5.) The Sacramento County Sheriff's Office's Civil Bureau served a writ of garnishment on Wells Fargo in April 2023 ordering Wells Fargo to withhold money from Plaintiff Ward's paycheck. (*Id.* at 3-5.) The writ of garnishment was based on a wage garnishment order issued by a Contra Costa County superior

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

court in relation to unpaid taxes. (*Id*. at 4-5.) The ongoing withholding began in May 2023. (*Id*. at 5.)

Plaintiff alleges Defendant Yellen

> create[s] Federal Reserve notes which enable the creation of ISO Standard 4217 '[United States dollar],' a claim for a Federal Reserve note. Without the Secretary's authority and signature, the individual States could not make a Bill of Credit (currency) tender in payment of debt in direct violation of the Constitution Article 1 Section 10. . . .
>
> The Secretary of the Treasury borrows and prints a Bill of Credit. Janet Yellen's signature is on every Federal Reserve note printed during her term. Without the existence of Federal Reserve notes, there would be no ISO Standard 4217 currency, [United States dollar]. Without the [United States dollar] the Federal Reserve District Bank insurrection ends.

(*Id*. at 4.) Plaintiff Ward brings this suit against Defendant Yellen for violating his federal rights by "authoriz[ing] the [Internal Revenue Service] to seek income taxes denominated in [United States dollar]. When citizens pay income taxes it then enables the Department of the Treasury to borrow more [United States dollar] at an increasing rate in violation of Amendment 14 Section 4." (Dkt. No. 5 at 6.)

Defendant Yellen moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). (Dkt. No. 31.)

# DISCUSSION

## I. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (cleaned up). "An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity. If sovereign immunity has not been waived, the court must dismiss the case for lack of subject matter jurisdiction." *Esquivel v. United States*, 21 F.4th 565, 572-73 (9th Cir. 2021) (cleaned up). Because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the

2

official's office," sovereign immunity extends to officials acting within their authority. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The party asserting a claim against the United States bears the burden of demonstrating an unequivocal waiver of immunity. *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009).

Plaintiff claims Defendant Yellen's printing of currency and authorization of the Internal Revenue Service to collect income taxes denominated in United States dollars violates the Contract Clause, Article I, § 10 of the United States Constitution and his Fourteenth Amendment rights. (Dkt. No. 5 at 4, 6.) The United States has not waived sovereign immunity for constitutional claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). So, this Court lacks subject matter jurisdiction over Plaintiff's claims against Defendant Yellen.

In his opposition brief, Plaintiff seeks to bring an "updated claim" alleging "Defendant Yellen, in her official capacity, violated the Fair Credit Reporting Act (FCRA) (15 U.S. Code § 1681) when the Department of Treasury provides false and misleading information to use by borrowing an Insurrection's Debt Currency." (Dkt. No. 33 at 1.) He claims the United States failed to investigate his "whistleblower reports and correct its misleading information." (*Id.*)

> Given these claims are true, Plaintiff Ward challenges the constitutionality of United States Code Title 12 Chapter 3, the Federal Reserve System, because it creates an Insurrection to deprive the United States Citizens of their Constitutional rights of life and liberty by placing them in Debt Slavery in violation of the 13th Amendment.

(*Id.* at 2.)

The Fair Credit Reporting Act "effects a clear waiver of sovereign immunity." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 50 (2024); *see id.* at 51 ("Congress has explicitly permitted consumer claims for damages against the government."). "A consumer may sue 'any' federal agency for defying the law's terms." *Id.* at 64. However, Plaintiff's proposed second amended complaint fails to identify the provisions of the Act allegedly violated by Defendant Yellen. Plaintiff merely claims, "by borrowing an Insurrection's Debt Currency," Defendant Yellen provides "false and misleading information" to the credit reporting agencies in violation of the Fair Credit Reporting Act. (Dkt. No. 33 at 1.) Plaintiff fails to articulate how Defendant Yellen's facilitation of the United States dollar as currency constitutes the provision of

3

false and misleading information to credit reporting agencies.

"What matters is the crux—or, in legal-speak, the gravamen—of the plaintiff's complaint, setting aside any attempts at artful pleading." *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 169 (2017). The Ninth Circuit "looks beyond the labels used to determine whether a proposed claim is barred." *Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006); *see id*. ("We look beyond the party's characterization to the conduct on which the claim is based.").

The crux of Plaintiff's complaint is the United States dollar cannot be used for the repayment of debts, and thus it is unlawful for Plaintiff's wages to be garnished to pay his unpaid taxes. Though Plaintiff now attempts to style his claims against Defendant Yellen as arising under the Fair Credit Reporting Act, no facts alleged or argued support this characterization. Plaintiff's claims have nothing to do with credit reporting. Indeed, Plaintiff fails to identify any false or misleading information about him reported by the Department of the Treasury to credit reporting agencies. Plaintiff's alleged injury—the "debt slavery" to which he dramatically refers—arises from having to pay income taxes in United States dollars. (Dkt. Nos. 5 at 6, 33 at 5.) This injury is entirely unrelated to a false credit report.

At oral argument Plaintiff explained his proposed Fair Credit Reporting Act claim, too, arises from his being required to use and pay debts in United States dollars. He claims the Department of Treasury's unlawful borrowing of Federal Reserve notes has injured him by allowing the United States dollar to affect his credit score, on the basis of which he has been denied a loan. But even if Plaintiff's proposed claims are somehow related to credit reporting, the Fair Credit Reporting Act does not prohibit Defendant Yellen's facilitation of the United States dollar as legal tender. *United States v. Wangrud*, 533 F.2d 495, 495 (9th Cir. 1976) ("By statute it is established that federal reserve notes, on an equal basis with other coins and currencies of the United States, shall be legal tender for all debts, public and private, including taxes."); *see* 12 U.S.C. § 411; *see also Milam v. United States*, 524 F.2d 629, 630 (9th Cir. 1974) ("Appellant is entitled to redeem his note, but not in precious metal. Simply stated, we find his contentions frivolous."); *United States v. Howell*, No. 15-CR-00456-SI-2, 2020 WL 3268667, at *6 n.2 (N.D. Cal. June 17, 2020) ("The Supreme Court has unequivocally held that the federal government has

4

the power to provide a national currency for the whole people in the form of treasury notes and the power to make the notes of the government a legal tender in payment of private debts." (cleaned up)). While Plaintiff contends this caselaw is erroneous, this Court is bound to follow Ninth Circuit and United States Supreme Court decisions.

\* \* \*

"A waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Plaintiff sues Defendant Yellen for constitutional violations on the grounds she enables the United States dollar to be used for the repayment of debts. The United States has not waived sovereign immunity for constitutional claims. *Meyer*, 510 U.S. at 478. This Court therefore lacks subject matter jurisdiction over Plaintiff's suit against Defendant Yellen. Accordingly, Defendant Yellen's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

Plaintiff's proposed second amended complaint fails to allege a cognizable claim against Defendant Yellen, so Plaintiff's first amended complaint as to Defendant Yellen is DISMISSED without leave to amend because amendment would be futile. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) ("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

## CONCLUSION

For the reasons explained above, Defendant Yellen's motion to dismiss for lack of subject matter jurisdiction is GRANTED without leave to amend. *Yagman*, 852 F.3d at 863.

This Order disposes of Docket Nos. 31 and 33.

**IT IS SO ORDERED.**

Dated: April 8, 2024

JACQUELINE SCOTT CORLEY
United States District Judge