1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7      MARC R WARD,                                Case No.  23-cv-06167-JSC

                      Plaintiff,
8
                                                   **ORDER RE: DEFENDANT**
9             v.                                   **STANISLAUS'S MOTION TO DISMISS**

10     SELVI STANISLAUS,                           Re: Dkt. No. 43

                      Defendant.
11

12

13          Plaintiff, who represents himself, sues Defendant Stanislaus in her official capacity as

14    Executive Officer for the State of California Franchise Tax Board for executing a levy.  (Dkt. No.

15    5 at 3, 5.)[1]  Before the Court is Defendant Stanislaus's motion to dismiss.  (Dkt. No. 43.)  Having

16    carefully considered the briefing, the Court concludes oral argument is unnecessary, *see* Civ. L. R.

17    7-1(b), and GRANTS Defendant Stanislaus's motion to dismiss.  Plaintiff failed to timely serve

18    Defendant Stanislaus.  Further, Plaintiff's § 1983 damages claim against Defendant Stanislaus in

19    her official capacity is barred by the Eleventh Amendment, and to the extent Plaintiff's claim for

20    prospective relief is not also barred by the Eleventh Amendment, Plaintiff fails to state a claim.

21                                         **BACKGROUND**

22          Plaintiff is employed by Wells Fargo.  (Dkt. No. 5 at 5.)  The Sacramento County Sheriff's

23    Office's Civil Bureau served a writ of garnishment on Wells Fargo in April 2023 ordering Wells

24    Fargo to withhold money from Plaintiff's paycheck.  (*Id*. at 3-5.)  The writ of garnishment was

25    based on a wage garnishment order issued by a Contra Costa County superior court in relation to

26    unpaid taxes.  (*Id*. at 4-5.)  The ongoing withholding began in May 2023.  (*Id*. at 5.)

27    _____

28    [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
      ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff brings a 42 U.S.C. § 1983 suit against Defendant Stanislaus for violating his

2    federal rights by executing the superior court's wage garnishment order.  (*Id*. at 3.)  Defendant

3    Stanislaus moves to dismiss Plaintiff's claims against her on the grounds the Eleventh Amendment

4    immunizes her from suit, Plaintiff failed to properly serve Defendant, and the complaint fails to

5    state a claim.  Plaintiff argues Defendant Stanislaus's motion to dismiss is untimely because

6    Plaintiff completed service in December 2023.

7                                                **DISCUSSION**

8    A plaintiff's "suit against state officials in their official capacities" is treated "as a suit

9    against the state of California." *Holley v. California Dep't Of Corr.*, 599 F.3d 1108, 1111 (9th

10   Cir. 2010).  California's Franchise Tax Board is an agency of the state of California.  Cal. Gov't

11   Code § 15700 ("There is in the state government, in the Government Operations Agency, a

12   Franchise Tax Board[.]").  So, Plaintiff's suit against Defendant Stanislaus in her official capacity

13   is a suit against the state of California.

14   **I.    Service**

15   Federal Rule of Civil Procedure 4 provides service on an individual may be accomplished

16   by 1) "following state law for serving a summons in an action brought in courts of general

17   jurisdiction in the state where the district court is located or where service is made;" 2) delivering

18   a copy of the summons and complaint to the individual personally; 3) "leaving a copy of each at

19   the individual's dwelling or usual place of abode with someone of suitable age and discretion who

20   resides there;" or 4) service upon "an agent authorized by appointment or by law to receive service

21   of process." Fed. R. Civ. P. 4(e).  Service on a state or local government may be accomplished by

22   either "delivering a copy of the summons and of the complaint to its chief executive officer" or

23   "serving a copy of each in the manner prescribed by that state's law for serving a summons or like

24   process on such a defendant." *Id*. at 4(j).

25   The Ninth Circuit has not squarely addressed whether state officials sued in their official

26   capacity must be served as individuals according to Rule 4(e) or as public entities according to

27   Rule 4(j).  But both Rules 4(e) and 4(j) allow for service pursuant to state law.  In *Jackson v.*

28   *Hayakawa*, the Ninth Circuit reasoned service on a state official sued in his official capacity was

1    proper according to California Code of Civil Procedure § 415.20(a), which governs service for

2    public entities, rather than § 415.20(b), which governs service on natural persons.  682 F.2d 1344,

3    1348 (9th Cir. 1982).  *Jackson* suggests "a state official sued in their official capacity could be

4    considered a 'public entity' and therefore could properly be served pursuant to [] § 415.20(a)."

5    *Alexander v. Brown*, No. 23-CV-00274 JFW-SHK, 2024 WL 1218280, at *9 (C.D. Cal. Feb. 9,

6    2024), *report and recommendation adopted*, No. 23-CV-00274 JFW-SHK, 2024 WL 1216716

7    (C.D. Cal. Mar. 20, 2024).  So, no matter whether service of a state official sued in their official

8    capacity must fulfill Rule 4(e) or 4(j), such service may be achieved pursuant to California law

9    governing service on public entities.

10           California law provides "[a] summons may be served on a public entity by delivering a

11    copy of the summons and of the complaint to the clerk, secretary, presiding officer, or other head

12    of its governing body."  Cal. Civ. Proc. Code § 416.5(a).

13              In lieu of personal delivery of a copy of the summons and complaint
              to the person to be served . . . a summons may be served by leaving a
14              copy of the summons and complaint during usual office hours in his
              or her office or, if no physical address is known, at his or her usual
15              mailing address, other than a United States Postal Service post office
              box, with the person who is apparently in charge thereof, and by
16              thereafter mailing a copy of the summons and complaint by first-class
              mail, postage prepaid to the person to be served at the place where a
17              copy of the summons and complaint were left.

18    Cal. Civ. Proc. Code § 415.20(a).  Additionally, "[s]ervice of summons in all actions on claims

19    against the state shall be made on the Attorney General."  Cal. Gov't Code § 955.4.

20           Plaintiff did not personally serve Defendant Stanislaus.  Plaintiff claims to have served

21    Defendant Stanislaus on December 8, 2023, by serving Jasmine Lee at 3321 Power Inn Suite 250

22    Sacramento, CA 95826.  (Dkt. No. 17 at 1.)  Jasmine Lee is not a clerk, secretary, presiding

23    officer, or other head of the Franchise Tax Board, nor is she authorized to accept service on behalf

24    of the Franchise Tax Board.  (Dkt. No. 43 at 19 ¶¶ 2-4.)  And though the Power Inn address is the

25    Franchise Tax Board's Sacramento local field office, Defendant Stanislaus does not maintain her

26    usual office at the Power Inn address.  (*Id*. at 17 ¶¶ 3-4.)  So, Plaintiff failed to serve Defendant

27    Stanislaus in her official capacity by leaving the summons and complaint with Jasmine Lee in

28    December 2023.

United States District Court
Northern District of California

1    After briefing on the instant motion closed, Plaintiff filed a proof of service of the

2    summons for Defendant Stanislaus dated December 8, 2023, though the process server's signature

3    is dated June 14, 2024.  (Dkt. Nos. 48, 49.)  This new proof of service claims the summons was

4    served on "Rajdeep Sidhu Security Guard" at Defendant Stanislaus's residence but also claims

5    "Rajdeep Sidhu Security Guard" is designated by law to accept service on behalf of the Franchise

6    Tax Board.  (*Id.*)  Why would the security guard at Defendant Stanislaus's residence be authorized

7    to accept service on behalf of the Franchise Tax Board?  In any event, it is Plaintiff's burden to

8    establish service on Defendant Stanislaus was valid pursuant to Rule 4.  *Brockmeyer v. May*, 383

9    F.3d 798, 801 (9th Cir. 2004).  Plaintiff's newly filed proof of service lacks sufficient information

10   to determine whether Defendant Stanislaus was properly served.  So, Plaintiff fails to carry his

11   burden to show Defendant Stanislaus was properly served.

12   Plaintiff insists his service on Attorney General Bonta by mail on December 18, 2023,

13   constitutes proper service "in accordance with Rule 5(b)(1)," and thus Defendant Stanislaus's

14   motion to dismiss is untimely.  (Dkt. No. 45 at 1.)  Federal Rules of Civil Procedure 5(b)(1)

15   provides "[i]f a party is represented by an attorney, service under this rule must be made on the

16   attorney unless the court orders service on the party."  Plaintiff argues the Attorney General "has

17   appeared as an attorney for Defendant Stanislaus," so Plaintiff's service of the Attorney General

18   was sufficient.  (Dkt. No. 45 at 3.)  But Rule 5 governs service of pleadings and other papers "after

19   the original complaint."  Fed. R. Civ. P. 5(a)(1)(B).  As discussed above, Rule 4 governs service

20   of the summons and complaint.  Plaintiff's service-by-mail on Attorney General Bonta fails to

21   satisfy the requirements of §§ 416.5(a) or 415.20(a) as to service on Defendant Stanislaus.

22   So, Plaintiff has failed to properly serve Defendant Stanislaus and the motion to dismiss is

23   not untimely.  Accordingly, Plaintiff's complaint against Defendant Stanislaus must be

24   DISMISSED for failure to serve.

25   **II.    Eleventh Amendment**

26   Even if Plaintiff had properly served Defendant Stanislaus (or would properly serve her in

27   the future), Plaintiff's claim for damages against Defendant Stanislaus fails for the additional

28   reason it is barred by the Eleventh Amendment.  The Eleventh Amendment bars suits against

4

United States District Court
Northern District of California

1    states and state agencies in federal courts when the state has not waived its immunity. *Seminole*

2    *Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996). California has not waived its immunity from § 1983

3    suits. *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). "[A] suit against state

4    officials that is in fact a suit against a State is barred regardless of whether it seeks damages or

5    injunctive relief." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984).

6    However, "a suit challenging the constitutionality of a state official's action is not one against the

7    State." *Id*. The Eleventh Amendment does not "bar actions for prospective declaratory or

8    injunctive relief against state officers in their official capacities for their alleged violations of

9    federal law." *Coal. to Defend Affirmative Action*, 674 F.3d at 1134; *see also Cardenas v. Anzai*,

10   311 F.3d 929, 934-35 (9th Cir. 2002) ("Under the *Ex parte Young* doctrine, a plaintiff may

11   maintain a suit for prospective relief against a state official in his official capacity, when that suit

12   seeks to correct an ongoing violation of the Constitution or federal law.").

13          So, to the extent Plaintiff seeks damages from Defendant Stanislaus in her official

14   capacity, his claim is barred by the Eleventh Amendment because "a State is not a 'person' against

15   whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents of Univ.*

16   *Sys. of Georgia*, 535 U.S. 613, 617 (2002).

17   **III.    Failure to State a Claim**

18          Finally, Plaintiff's claim for prospective relief against Defendant Stanislaus fails for the

19   additional reason Plaintiff has not plausibly alleged Defendant Stanislaus violated any of

20   Plaintiff's federal rights. Plaintiff seeks to enjoin the tax levy Defendant Stanislaus executed

21   against him. (Dkt. No. 5 at 7-8.) Defendant Stanislaus seeks dismissal of Plaintiff's § 1983

22   prospective relief claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

23          Dismissal under Rule 12(b)(6) "may be based on either a lack of a cognizable legal theory

24   or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside*

25   *Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (cleaned up). For Plaintiff's challenged §

26   1983 claim to survive, the complaint's factual allegations must raise a plausible right to relief.

27   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Though the Court must accept the

28   complaint's factual allegations as true, conclusory assertions are insufficient to state a claim.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when the plaintiff pleads

enough factual content to justify the reasonable inference the defendant is liable for the

misconduct alleged.  *Id.*  Because Plaintiff is unrepresented by an attorney, his complaint is held to

less stringent standards than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).

Plaintiff's § 1983 claim against Defendant Stanislaus challenges the constitutionality of

California statutes § 706.050 and § 17041 under the Contract Clause, Article I, § 10 of the United

States Constitution.  The Contract Clause provides:

> No State shall enter into any Treaty, Alliance, or Confederation; grant
> Letters of Marque and Reprisal; coin Money; emit Bills of Credit;
> make any Thing but gold and silver Coin a Tender in Payment of
> Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing
> the Obligation of Contracts, or grant any Title of Nobility.

U.S. Const. art. I, § 10, cl. 1.  California Code of Civil Procedure § 706.050 provides the

"maximum amount of disposable earnings of an individual judgment debtor subject to levy."

California Revenue and Taxation Code § 17041 sets forth California tax rates.  Plaintiff asserts

these statutes, which led to the garnishment of his wages, are unconstitutional because his wages

are denominated in "Bills of Credit (Federal Reserve Notes)" instead of gold or silver coin.  (Dkt.

No. 45 at 1-2.)  Because "[t]he States are directly prohibited to make any Thing but gold and silver

Coin a tender in payment of Debts[,]" Plaintiff insists the garnishment of his wages paid in Federal

Reserve Notes is unconstitutional.  (*Id*. at 2.)

Plaintiff's theory of unconstitutionality is unsupported by the law.  *See, e.g.*, *United States

v. Wangrud*, 533 F.2d 495, 495 (9th Cir. 1976) ("By statute it is established that federal reserve

notes, on an equal basis with other coins and currencies of the United States, shall be legal tender

for all debts, public and private, including taxes.  This statute is well within the constitutional

authority of Congress."); *see* 12 U.S.C. § 411; *see also Milam v. United States*, 524 F.2d 629, 630

(9th Cir. 1974) ("Appellant is entitled to redeem his note, but not in precious metal.  Simply

stated, we find his contentions frivolous."); *United States v. Howell*, No. 15-CR-00456-SI-2, 2020

WL 3268667, at *6 n.2 (N.D. Cal. June 17, 2020) ("The Supreme Court has unequivocally held

that the federal government has the power to provide a national currency for the whole people in

United States District Court
Northern District of California

1  the form of treasury notes and the power to make the notes of the government a legal tender in

2  payment of private debts." (cleaned up)); *DeLaRosa v. Agents for Int'l Monetary Fund*, No. Civ-s-

3  95-1170-DFL-GGH, 1995 WL 769345, at *3 (E.D. Cal. Oct. 16, 1995) ("While Article I, section

4  10, clause 1 prohibits the States from making anything but gold and silver coin a tender in

5  payment of debts, no intention can be inferred from this to deny Congress this power.  The United

6  States Congress has the power to make anything it wishes legal tender." (cleaned up)).  Indeed,

7
8
9
10
11

> the sole evil at which the Contract Clause was directed was the theretofore rampant state legislative interference with the ability of creditors to obtain the payment or security provided for by contract. The Framers regarded the Contract Clause as simply an adjunct to the currency provisions of Art. I, § 10, which operated primarily to bar legislation depriving creditors of the payment of the full value of their loans.  The Clause was thus intended by the Framers to be applicable only to laws which altered the obligations of contracts by effectively relieving one party of the obligation to perform a contract duty.

12  *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 257 (1978) (Brennan, J., dissenting).  So,

13  Plaintiff fails to state a claim for deprivation of federal rights because the complaint fails to

14  plausibly allege Defendant Stanislaus violated any of Plaintiff's federal rights by executing a tax

15  levy against him.  Accordingly, Plaintiff's claim for prospective relief against Defendant

16  Stanislaus is DISMISSED without leave to amend.  *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th

17  Cir. 2017) ("In dismissing for failure to state a claim, a district court should grant leave to amend

18  even if no request to amend the pleading was made, unless it determines that the pleading could

19  not possibly be cured by the allegation of other facts.").

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated, Plaintiff's complaint against Defendant Stanislaus is DISMISSED without leave to amend.  Plaintiff failed to properly serve Defendant Stanislaus.  Additionally, Plaintiff's damages claim is barred by the Eleventh Amendment.  To the extent Plaintiff's prospective relief claim is not also barred by the Eleventh Amendment, Plaintiff fails to plausibly allege a claim against Defendant Stanislaus for deprivation of federal rights.  For these same reasons, Plaintiff's motion for preliminary injunction is DENIED.

This Order disposes of Docket Nos. 40, 43.

**IT IS SO ORDERED.**

Dated: July 16, 2024

JACQUELINE SCOTT CORLEY
United States District Judge